## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **TRENT WARREN,**<br>**#Y20422,** | |
| **Plaintiff,** | **Case No. 20-cv-00548-SPM** |
| **v.** | |
| **WARDEN BROOKHART,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on Plaintiff Warren's third motion for default judgment. (Doc. 57). Warren argues that he is entitled to default judgment against Defendant Kirkwood, as Kirkwood has been properly served and has not answered the Complaint. Warren asks the Court to award him $25,000.00 in damages, as well as reasonable attorney and court fees. The Court **GRANTS in part** the motion for default judgment.

Defendant Kirkwood was served on August 16, 2021, and a responsive pleading was due on September 7, 2021. Kirkwood did not file an answer to the Complaint or a responsive pleading by the deadline. On September 17, 2021, Warren moved for default judgment. (Doc. 50). The Court denied the motion but directed the Clerk of Court to enter default against Kirkwood pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 51). Warren then filed a second motion for default judgment (Doc. 53). The Court again denied the motion because Warren had not certified that he had mailed his motion to the Illinois Attorney General's Office, the attorney reasonably thought to represent Kirkwood. (Doc. 54) (citing SDIL-LR 55. 1(b)). Warren subsequently filed the current motion for default judgment before the Court and included a statement that he had provided notice

to the Illinois Attorney General's Office. (Doc. 57).

As of this date, Defendant Kirkwood has failed to plead or otherwise defend this action. Although a trial on the merits of a case is favored and default judgment is to be a "weapon of last resort," the Seventh Circuit has held that default judgment is appropriate where "a party willfully disregards pending litigation." *Sun v. Bd. of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir.2007). Taking into consideration that Kirkwood was properly served and that over seven months have passed without a word to the Court from Kirkwood, the Court finds that Kirkwood has willfully disregarded the pending litigation. Thus, the Court **GRANTS in part** the motion for default judgment (Doc. 59). *See* FED. R. CIV. P. 55(b)(2). The Court will set this matter for hearing on the issue of damages by separate order. *See Wehrs v. Wells,* 688 F. 3d 886, 892 (2012) (upon default, the amount of damages must be proven by the plaintiff unless they are liquidated or capable of calculation). Default judgment will be entered against Kirkwood after damages have been determined.

The Clerk of Court is **DIRECTED** to send this Order to Defendant Kirkwood.

**IT IS SO ORDERED.**

**DATED:   April 11, 2022**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**

Page 2 of 2