IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRENT WARREN,**
**#Y20422,**

        **Plaintiff,**

v.

**WARDEN BROOKHART,** *et al.***,**

        **Defendants.**

Case No. 20-cv-00548-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on the issue of damages following the Court granting in part Plaintiff Warren's motion for default judgment against Defendant Kirkwood. (Doc. 61).

### BACKGROUND

This case was commenced by Plaintiff Trent Warren, an inmate of the Illinois Department of Corrections, proceeding pro se. Warren brings this suit pursuant to Section 1983 for violations of his constitutional rights that occurred while incarcerated at Lawrence Correctional Center. After initiating this lawsuit, the case was reassigned to Magistrate Judge Beatty pursuant to the Memorandum of Understanding entered into by the Illinois Department of Corrections, Wexford, and this Court. Judge Beatty conducted a merit review of the Complaint, and Warren is now proceeding in this case with five counts. (Doc. 21).

Relevant to the issue before the Court is Count 5, alleged against Officer Kirkwood, Officer Sloan, and Lieutenant McDonald for confiscating Warren's property in retaliation against him for filing grievances and a lawsuit. Warren alleges that on September 12, 2019, Kirkwood and Sloan took his legal work, including post-conviction documents, transcripts, and grievances. (Doc. 1, p.

45). He was then again retaliated against by Lieutenant McDonald on September 24, 2019, who destroyed his cell and stole items, including more legal work. (*Id.* at p. 47).

Defendant Kirkwood was successfully served the Complaint on August 16, 2021, and his responsive pleading was due on September 7, 2021. (Doc. 49). Kirkwood did not file an answer to the Complaint or a responsive pleading by the deadline. On September 17, 2021, Warren moved for default judgment. (Doc. 50). Judge Beatty denied the motion but directed the Clerk of Court to enter default against Kirkwood pursuant to Federal Rule of Civil Procedure 55(a). (Doc. 51). Warren then filed a second motion for default judgment. (Doc. 53). Again, Judge Beatty denied the motion because Warren had not certified that he had mailed his motion to the Illinois Attorney General's Office, the attorney reasonably thought to represent Kirkwood. (Doc. 54) (citing SDIL-LR 55. 1(b)). Warren subsequently filed a third motion for default judgment. (Doc. 57). Judge Beatty then assigned the motion to the undersigned for consideration, as not all parties, including Kirkwood, had consented to magistrate judge jurisdiction. Judge Beatty further directed the Clerk of Court to mail Kirkwood a copy of the motion for default judgment and the docket sheet. (Doc. 58). Still, Kirkwood did not enter an appearance or file a responsive pleading or motion to set aside default.

On April 11, 2022, the undersigned granted default judgment against Kirkwood and in favor of Warren. The matter of damages was set for an evidentiary hearing. (Doc. 61, 62). The Clerk sent the Order to Defendant Kirkwood. The undersigned held a hearing on the issue of damages on June 15, 2022. Defendant Kirkwood did not appear at the hearing.

## ANALYSIS

"A default judgment establishes, as a matter of law, that defendants are liable to a plaintiff on each cause of action alleged in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F. 3d 594, 602 (7th Cir. 2007). While the Court must accept all well pleaded facts relating to liability

as true, a plaintiff must still prove up damages under Rule 55(b)(2). *See Domanus v. Lewicki,* 742 F. 3d 290, 303 (7th Cir. 2014). As in any damages calculation, the amount sought must "naturally flow from the injuries pleaded." *Wehrs v Wells*, 688 F.3d 886, 893 (7th Cir. 2012) (internal citations and quotations omitted).When the amount of damages is unable to be determined from definite figures, the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *e360 Insight,* 500 F. at 602.

At the hearing, Warren testified that on September 12, 2019, Defendant Kirkwood came to his cell and confiscated transcripts, police reports, grievances, and original affidavits that he planned on using in challenging his criminal conviction. At the time, Warren stated that he did not have an active habeas case and his criminal case was not on appeal, but he was preparing to file for post-conviction relief. Kirkwood also took various items that Warren had purchased from the commissary. The items included candy, laundry detergent, shampoo, and soap, costing between $15 and $20. After "shaking down" Warren's cell, Warren testified that Kirkwood told him that he should be careful regarding on who he writes grievances and also gave Warren "subliminal threats."

Warren described the mental and emotional stress caused by the loss of his legal work. He stated he is mentally ill and suffers from bipolar disorder and depression. Following the incident, these mental health conditions intensified, and Warren experienced suicidal thoughts, feelings of hopelessness, and he did not eat or sleep for days.

As stated on the record, the Court will award Warren a total of $330 in damages. He is awarded $30 in compensatory damages - $10 in nominal damages for the violation of his First Amendment rights by Kirkwood and $20 in economic damages for the loss of his commissary purchases. Furthermore, the Court awards $300 in punitive damages. Based on Warren's testimony and allegations in the Complaint, Kirkwood's actions were not a mere accident or performed

pursuant to a prison policy. Rather, Warren was targeted. His cell searched and left in a disarray, and his property taken in retaliation for filing grievances against other members of staff. Thus, the Court finds that Kirkwood acted with a reckless disregard for Warren's rights. *See Wright v. Miller,* 561 F. App'x 551, 555-56 (7th Cir. 2014).

The Court notes that because Warren did not incur any physical injury, the Court is barred by the Prison Litigation Reform Act from awarding him compensatory damages for mental and emotional injuries suffered. 42 U.S.C. § 1997e(e); *Calhoun v. DeTella,* 319 F. 3d 936, 941 (7th Cir. 2003). Additionally, the Court will not award Warren attorney's fees since he is a pro se litigant and not represented by counsel. *See Krecioch v. U.S.,* 316 F. 3d 684, 688 (7th Cir. 2003). Finally, Warren will also not be awarded costs at this time, as he has not provided any evidence or documentation establishing his costs.

## DISPOSITION

For the reasons stated on the record and above, default judgment is granted in favor of Plaintiff Warren and against Defendant Kirkwood in the amount of **$330.00.**

The Clerk of Court is **DIRECTED** to enter judgment accordingly at the close of the case. The Clerk is further **DIRECTED** the remove the undersigned from the case.

**IT IS SO ORDERED.**

**DATED: June 22, 2022**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**