IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-0548-MAB |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on a motion for summary judgment for failure to exhaust administrative remedies filed by Defendant Sara Stover (Doc. 76). The motion was filed on July 25, 2022. To date, Plaintiff has not offered a response to the motion for summary judgment despite being ordered to do so. For the ensuing reasons, Stover's motion for summary judgment (Doc. 76) is GRANTED.

## Background

Plaintiff Trent Warren ("Plaintiff") filed this action on June 6, 2020 (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on five counts (*See* Doc. 21). The counts against Stover are:

- **Count 2**: a deliberate indifference claim against Stover, Brandy Kelley Flatley, and several John Does regarding an incident in which Plaintiff alleges he fainted multiple time but was denied medical attention;

- **Count 4**: a deliberate indifference claim against Stover and several John Does regarding an incident in which Plaintiff alleges he experienced shortness of breath but was denied medical attention.

(Doc. 21).

On July 25, 2022, Stover filed a motion for summary judgment on the issue of exhaustion and a memorandum in support (Docs. 76, 77). She argues she is entitled to dismissal without prejudice because Plaintiff failed to identify or reference her in any way in his grievances (*Id.*).

Plaintiff's response to Stover's motion for summary judgment was due on or before August 24, 2022 (*see* Doc. 78). *See also* SDIL-LR 7.1(c). On August 24, 2022, Plaintiff filed a motion for an extension of time to respond to the summary judgment motion, stating he needed time to do legal research, consult a legal expert, and find stable housing after his release from prison (Doc. 84). The Court granted the extension, giving Plaintiff until October 28, 2022 to respond (Doc. 85). On October 6, 2022, the Court dismissed the John Doe Defendants after Plaintiff failed to follow the Court's directive and file a motion to substitute specific Defendants for the John Does or, if any of the John Does remain unidentified, to file a motion specifying additional steps that could be taken to identify them (Docs. 69, 81, 89).

On November 30, 2022, the Court entered a Show Cause Order, directing Plaintiff to show cause on or before December 30, 2022 as to why the Court should not construe his failure to timely respond to the motion for summary judgment as an admission of its merits and grant it (Doc. 93). The Court also noted that instead of responding to the Show Cause Order, Plaintiff could simply file a response to the motion for summary judgment

(*Id.*). Plaintiff was specifically warned that a failure to do either may result in the Court granting Stover's motion for summary judgment and the dismissal of Stover from this case (Doc. 93). On January 9, 2023, the Court received a notice of a change of address and a motion for extension of time to respond to Stover's motion for summary judgment (Docs. 97, 98). Both the notice and the motion were dated January 6, 2023 (*Id.*). In the motion for extension of time, Plaintiff requested a 60-day extension and stated that he had moved and had not received any mail from the Court at his new address. He also requested a copy of the docket sheet. The Court granted the motion for extension of time and directed the Clerk of Court to mail Plaintiff a copy of the docket sheet in this matter (Doc. 99). The Court also directed the Clerk of Court to mail Plaintiff (at his updated address) a copy of Stover's motion for summary judgment (Doc. 76), the supporting memorandum (Doc. 77), and the accompanying notice that informs Plaintiff of the consequences of failing to respond to a summary judgment motion (Doc. 78) (*See* Doc. 99). The Court construed Plaintiff's filings as a response to the Court's Show Cause Order and accordingly discharged the Show Cause Order (Doc. 99). The Court stated that no further extensions of time to respond to the summary judgment motion will be granted, absent a showing of exception circumstances (Doc. 99). And the Court also noted that if Plaintiff fails to respond by the new deadline – March 3, 2023 – the Court will not issue another show cause order, but will instead construe Plaintiff's response as an admission of the merits of Stover's motion and grant the motion (Doc. 99). Again here, the Court reiterated to Plaintiff that granting Stover's motion for summary judgment will result in

the dismissal of Stover from this case (Doc. 99). To date, Plaintiff has not offered a response.

## Analysis

This Court's Local Rules specifically provide that a "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(c). Plaintiff was specifically warned of this possibility on two occasion (Docs. 93, 99). The first warning came in the Court's Show Cause Order on November 30, 2022 and was unequivocal (*See* Doc. 93). The second warning came on January 17, 2023, when the Court discharged the Show Cause Order and extended Plaintiff's deadline to respond to the motion for summary judgment until March 3, 2023 (*See* Doc. 99). The Court specifically warned Plaintiff that a failure to respond may be construed by the Court as an admission of the merits of the motion and thus lead to the Court granting the motion (*Id.*). Indeed, the Court cautioned Plaintiff that this will, in turn, lead to the dismissal of Stover from this case (*Id.*).

To date, Plaintiff has failed to offer a response to Stover's motion for summary judgment. The Court made every effort to allow for a response from Plaintiff including sending him copies of Stover's briefing in January when it extended his deadline to respond (Doc. 99). Nevertheless, Plaintiff has failed to respond despite multiple opportunities to do so and the Court therefore elects to construe his failure to respond to as an admission of the merits of the motion. Indeed, the Court has independently reviewed Stover's motion and finds that it is sufficient to carry its burden on the

affirmative defense of exhaustion. Accordingly, Stover's motion for summary judgment will be granted and Stover will be dismissed from this case without prejudice.

## Conclusion

For the reasons stated above, Defendant Sara Stover's motion for summary judgment (Doc. 76) is **GRANTED**. Defendant Sara Stover is **DISMISSED without prejudice** due to Plaintiff's failure to exhaust his administrative remedies.

This matter will also proceed on:

- Count 1 against Flatley
- Count 2 against Flatley
- Count 3 against Defendant Lieutenant Jesse Phillips
- Count 5 against Defendants Lieutenant Roxanne McDonald (Kidd) and Officer James Sloan

The stay on discovery on the merits of Plaintiff's claims (*see* Doc. 85) is **LIFTED**, and the parties can proceed with discovery. A new schedule will be entered by separate order.

**IT IS SO ORDERED.**

**DATED: March 21, 2023**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**