IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRENT WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-CV-548-MAB |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court based upon Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 114) and Plaintiff Trent Warren's failure to respond to the Court's Order to Show Cause (Doc. 118).

Plaintiff filed this *pro se* lawsuit in June 2020 pursuant to 42 U.S.C. § 1983 for deprivation of his rights while incarcerated at Pinckneyville Correctional Center (Doc. 1). The Court conducted a preliminary screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A (Doc. 21). In both that Order (Doc. 21 at p. 29) and a prior Order (Doc. 4), the Court instructed Plaintiff to keep the Clerk of Court informed of any change in his address.

After moving beyond the exhaustion of administrative remedies stage of proceedings (*see, e.g.*, Doc. 100), the Court entered a Final Scheduling Order, which provided both discovery and dispositive motion deadlines (Doc. 101). However, Defendants have since filed a Motion to Dismiss for Lack of Prosecution, which alleges

Plaintiff failed to respond to Defendants' discovery requests and letters (Doc. 114). Additionally, Defendants moved to stay the dispositive motion deadline pending the resolution of their motion to dismiss (*see* Doc. 115) and the Court granted the motion (Doc. 116). Thereafter, the Court's mailing of its Order granting the motion to stay was returned as undeliverable (Doc. 117).

Finally, on April 11, 2024, the Court entered an Order to Show Cause, which ordered Plaintiff to show cause on or before May 2, 2024, as to why this action should not be dismissed based upon his failure to comply with the Court's Orders to update his address and for failure to prosecute his claims (Doc. 118). That date has since passed, and Plaintiff has not provided any response to the Court's Order to Show Cause or to Defendants' Motion to Dismiss for Failure to Prosecute.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." FED. R. CIV. P. 41(b). "The court should exercise this right sparingly" and should dismiss a case "only when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing" and an explicit warning has been provided to the plaintiff that dismissal is imminent. *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)); *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008) (quoting *Sharif v. Wellness Intern. Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004)).

The Court notes that Plaintiff is litigating this case *pro se*, and the Court is mindful of the difficulties he faces in doing so, but his *pro se* status does not relieve him of his

obligation to comply with court-imposed deadlines or to communicate with the Court, particularly when the Court demands that he do so. Given Plaintiff's failure to update his address, failure to respond to Defendants' motion to dismiss, and failure to respond to the Court's Order to Show Cause, the Court can only conclude that Plaintiff is no longer interested in pursuing this litigation. Consequently, the Defendants' Motion to Dismiss for Lack of Prosecution is **GRANTED** (Doc. 114) and this action is **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). This case is **CLOSED**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    **DATED: May 14, 2024**

                                                               **s/ Mark A. Beatty**
                                                               **MARK A. BEATTY**
                                                               **United States Magistrate Judge**

## NOTICE

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor*, 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.